**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DAVID HOY, | ) |
| on behalf of himself and a class, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| SPARK ENERGY GAS, LLC | ) |
| and JOHN DOES 1-10, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT- CLASS ACTION

### INTRODUCTION

1.      Plaintiff David Hoy brings this action to secure redress for the placement of illegal telemarketing calls to his telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA").

### JURISDICTION AND VENUE

2.      This Court has jurisdiction under 28 U.S.C. §1331.  *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012);  *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446  (7th Cir. 2005).

3.      Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

      a.      Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

      b.      Have transacted or done business in Illinois.

4.      Venue in this District is proper for the same reason.

### PARTIES

5.      Plaintiff David Hoy is a resident of the Northern District of Illinois.

6.      Defendant Spark Energy Gas, LLC is a Texas corporation with its principal offices located at 2105 Citywest Boulevard, Suite 100, Houston, Texas 77042. Its registered agent and office is Illinois Corporation Services, 801 Adlai Stevenson Drive, Springfield, Illinois

1

62703.

7.      Defendants Does 1-10 are other persons responsible for the calls complained of.

## FACTS

8.      Plaintiff's home landline telephone was first placed on the Do-Not-Call Registry since as early as 2003 and Plaintiff re-registered the home landline telephone number with the Do-Not-Call Registry in October 2013.

9.      In the early evening on October 23, 2014, plaintiff received a telemarketing call from defendants on his home telephone.   The phone number which appeared on his caller ID was 312-462-4425.

10.      On October 24, 2014 at approximately 5:30 p.m., plaintiff received another telemarketing call from defendants on his home telephone. The phone number which appeared on his caller ID was 312-462-4425.  When plaintiff answered the call, he talked with an agent of defendants who tried to sell plaintiff on choosing defendant as his natural gas provider.

11.      The 312-462-4425 number is associated with defendants and is answered "Spark Energy".

12.      Defendants either negligently or wilfully violated the rights of plaintiff in placing the calls.

13.      Plaintiff suffered damages as a result of receipt of the calls.  Furthermore, plaintiff's statutory right of privacy was invaded.

14.      Plaintiff is entitled to statutory damages.

15.      Defendants violated the TCPA even if their actions were only negligent.

16.      Defendants should be enjoined from committing similar violations in the future.

## COUNT I – TCPA

17.      Plaintiff  incorporates paragraphs 1-16.

18.      Defendants violated the TCPA by placing telemarketing calls to plaintiff's home phone.

19.     A private right of action for "do not call" violations is conferred upon any person who has received "more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed" by the FCC.  47 U.S.C. §227(c)(5) provides:

> **(5) Private right of action. A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State may bring in an appropriate court of that State-**
>
> > **(A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation.**
> >
> > **(B) an action to recover for actual monetary loss such a violation or to receive up to $500 in damages for each such violation, whichever is great, or**
> >
> > **(C) both actions.**
>
> **It shall be an affirmative defense in any action brought under this paragraph that the defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under this subsection. If the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to more than 3 times the amount available under subparagraph (B) of this paragraph.**

20.     Plaintiff and each class member is entitled to statutory damages.

21.     Defendants violated the TCPA even if its actions were only negligent.

22.     Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

23.     Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c) received 2 or more calls from defendants within a one year period (d) on a telephone listed on the National Do Not Call Registry, (e) with respect to whom defendants cannot provide evidence of express consent prior to the call.

24.     The class is so numerous that joinder of all members is impractical.  Plaintiff

alleges on information and belief that there are more than 40 members of the class.

25.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

      a.    Whether defendants engaged in a pattern of making or causing to be made telemarketing calls to plaintiff's home phone when his home phone was registered on the Do Not Call Registry;

      b.    The manner in which defendants compiled or obtained their list of telephone numbers;

      c.    Whether defendants obtained the consent of the called parties;

      d.    Whether defendants thereby violated the TCPA;

26.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

27.     Plaintiff's claims are typical of the claims of the class members.  All are based on the same factual and legal theories.

28.     A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendant is small because it is not economically feasible to bring individual actions.

29.     Several courts have certified class actions under the TCPA:  *Meyer v. Portfolio Recovery Associates, LLC,* 707 F.3d 1036 (9th Cir.  2012); *Manno v. Healthcare Revenue Recovery Group, LLC*, 289 F.R.D. 674 (S.D.Fla. 2013); *Mitchem v Illinois Collection Serv*.,  271 F.R.D. 617 (N.D.Ill. 2011); *Balbarin v. North Star Capital Acquisition, LLC,*, 10 C 1846, 2011 U.S. Dist. LEXIS 686 (N.D. Ill., Jan. 5, 2011), later opinion, 2011 U.S. Dist. LEXIS 5763

(N.D.Ill., Jan. 21, 2011), later opinion, 2011 U.S. Dist. LEXIS 58761 (N.D. Ill., June 1, 2011);
*Lo v. Oxnard European Motors, LLC,* 11CV1009 JLS (MDD), 2012 U.S. Dist. LEXIS 73983
(S.D.Cal., May 29, 2012); *Sadowski v. Med1 Online, LLC,* 07 C 2973, 2008 U.S. Dist. LEXIS
41766 (N.D.Ill., May 27, 2008); *CE Design Ltd. v Cy's Crabhouse North, Inc.,* 259 F.R.D. 135
(N.D.Ill. 2009); *Targin Sign Sys. v Preferred Chiropractic Ctr., Ltd.,* 679 F. Supp. 2d 894
(N.D.Ill. 2010); *Garrett v. Ragle Dental Lab, Inc.,* 10 C 1315, 2010 U.S. Dist. LEXIS 108339,
2010 WL 4074379 (N.D.Ill., Oct. 12, 2010); *Hinman v. M & M Rental Ctr.,* 545 F.Supp. 2d 802
(N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC,* 08 C 3276, 2010 U.S. Dist. LEXIS 72902 (N.D.
Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communs., Inc.,* 08 C 4521, 2010
U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010); *Holtzman v. Turza,* 08 C 2014, 2009 U.S.
Dist. LEXIS 95620 (N.D.Ill., Oct. 14, 2009); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642
(W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455
(La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.,* 992 So.
2d 510 (La. App. 1st Cir. 2008); *Lampkin v. GGH, Inc.,* 146 P.3d 847 (Ok. App. 2006); *ESI
Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.,* 203 Ariz. (App.) 94, 50 P.3d
844 (2002); *Core Funding Group, LLC v. Young,* 792 N.E.2d 547 (Ind.App. 2003); *Critchfield
Physical Therapy v. Taranto Group, Inc.,* 293 Kan. 285; 263 P.3d 767 (2011); *Karen S. Little,
L.L.C. v. Drury Inns. Inc.,* 306 S.W.3d 577 (Mo. App. 2010); *Travel 100 Group, Inc. v. Empire
Cooler Service, Inc.,* 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); *Rawson v. C.P. Partners
LLC,* 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); *Nicholson v. Hooters of Augusta, Inc.,*
245 Ga.App. 363, 537 S.E.2d 468 (2000).

      30.    Management of this class action is likely to present significantly fewer difficulties
that those presented in many class actions, e.g. for securities fraud.

      WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and
the class and against defendants for:

      (1)    Compensatory and punitive damages;

(2)    An injunction against further violations;

(3)    Attorney's fees, litigation expenses and costs of suit;

(4)    Such other or further relief as the Court deems just and proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

31.    Plaintiff incorporates paragraphs 1-16.

32.    Defendants engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by making telephone calls to plaintiff's home phone when it was registered on the Do Not Call Registry.

33.    Defendants' conduct is contrary to public policy, as set forth in the TCPA.

34.    Plaintiff suffered damages as a result of receipt of the calls.

35.    Defendants engaged in such conduct in the course of trade and commerce.

36.    Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

37.    Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date three years prior to the filing of this action (815 ILCS 505/100), (c) received 2 or more calls from defendants within a one year period (d) on a telephone listed on the National Do Not Call Registry, (e) with respect to whom defendants cannot provide evidence of express consent prior to the call.

38.    The class is so numerous that joinder of all members is impractical.  Plaintiff alleges on information and belief that there are more than 40 members of the class.

39.    There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

a.    Whether defendants engaged in a pattern of making or causing to be made telemarketing calls to plaintiff's home phone when plaintiff's home phone number was registered on the Do Not Call Registry;

6

      b.      The manner in which defendants compiled or obtained their list of telephone numbers;

      c.      Whether defendants obtained the consent of the called parties;

      d.      Whether defendants thereby violated the ICFA;

40.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

41.     Plaintiff's claims are typical of the claims of the class members.  All are based on the same factual and legal theories.

42.     A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

43.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

      (1)      Compensatory and punitive damages;

      (2)      An injunction against further violations;

      (3)      Attorney's fee, litigation expenses and costs of suit;

      (4)      Such other or further relief as the Court deems just and proper.

### COUNT III – ILLINOIS RESTRICTED CALL REGISTRY ACT

44.     Plaintiff incorporates paragraphs 1-16.

45.     815 ILCS 402/10 provides that "Beginning October 1, 2003, it is a violation of this Act for any person or entity to make or cause to be made any telephone solicitation calls to

any residential subscriber more than 45 days after the person or entity obtains the Registry or any update of the Registry on which the residential subscriber's telephone number or numbers first appear."

46.     815 ILCS 402/5(a)  defines "Residential subscriber" to mean "a person or spouse who has subscribed to either residential telephone service from a local exchange company or public mobile services, as defined by Section 13-214 of the Public Utilities Act, a guardian of the person or the person's spouse, or an individual who has power of attorney from or an authorized agent of the person or the person's spouse."

47.     815 ILCS 402/5(e) defines "Telephone solicitation" to mean  --

**any voice communication over a telephone line from a live operator, through the use of an autodialer or autodialer system, as defined in Section 5 of the Automatic Telephone Dialers Act, or by other means for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, or for the purposes of soliciting charitable contributions but does not include communications:**

> **(1) to any residential subscriber with that subscriber's prior express invitation or permission when a voluntary 2-way communication between a person or entity and a residential subscriber has occurred with or without an exchange of consideration. A telephone solicitation is presumed not to be made at the express request of a subscriber if one of the following occurs, as applicable:**
>
> > **(A) The telephone solicitation is made 30 business days after the last date on which the subscriber contacted a business with the purpose of inquiring about the potential purchase of goods or services.**
> >
> > **(B) The telephone solicitation is made 30 business days after the last date on which the subscriber consented to be contacted.**
> >
> > **(C) The telephone solicitation is made 30 business days after a product or service becomes available  where the subscriber has made a request to the business for that product or service that is not then available, and requests a call when the product or service becomes available;**
>
> **(2) by or on behalf of any person or entity with whom a residential subscriber has an established business relationship which has not been terminated in writing by either party and which is related to the nature of the established business relationship;**

8

**(3) by or on behalf of any person or entity with whom a residential subscriber is an existing customer, unless the customer has stated to the person or entity or the person or entity's agent that he or she no longer wishes to receive the telemarketing sales calls of the person or entity, or unless the nature of the call is unrelated to the established business relationship with the existing customer; . . .**

48.     815 ILCS 402/5(b) defines "Established business relationship" as "the existence of an oral or written transaction, agreement, contract, or other legal state of affairs involving a person or entity and an existing customer under which both parties have a course of conduct or established pattern of activity for commercial or mercantile purposes and for the benefit or profit of both parties. A pattern of activity does not necessarily mean multiple previous contacts. The established business relationship must exist between the existing customer and the person or entity directly, and does not extend to any related business entity or other business organization of the person or entity or related to the person or entity or the person or entity's agent including but not limited to a parent corporation, subsidiary partnership, company or other corporation or affiliate."

49.     815 ILCS 402/50 provides:

**402/50. Enforcement by residential subscriber**

**§ 50. Enforcement by residential subscriber. Any residential subscriber who receives a call in violation of this Act may bring an action for the recovery of damages. In addition to actual damages, if any, the subscriber may obtain statutory damages in the amount of $500 per violation. No action or proceeding may be brought more than one year after (1) the person bringing the action knew or should have known of the alleged violation or (2) the termination of any proceeding or action brought pursuant to Section 35 that arises out of the same violation.**

50.     Plaintiff is a "residential subscriber" within the meaning of the Restricted Call Registry Act.

51.     Plaintiff's home landline telephone was first placed on the Do-Not-Call Registry since as early as 2003 and Plaintiff re-registered the home landline telephone number with the Do-Not-Call Registry in October 2013.

52.     Defendants violated the Restricted Call Registry Act by making a telephone solicitation to plaintiff more than 45 days after plaintiff placed her number on the National Do

Not Call Registry.

53.     Defendants violated the Restricted Call Registry Act even if its actions were only negligent.

54.     Plaintiff is entitled to statutory damages for defendants' violation of the Restricted Call Registry Act.

## CLASS ALLEGATIONS

55.     Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class.

56.     The class consists of (a) all Illinois residents who (b) during a period beginning one year prior to the filing of this action, (c) received a call from defendants (d) after having placed their telephone numbers on the National Do Not Call Registry more than 45 days prior to the call from defendants, (e) which call advertised the commercial availability of any property, goods, or services of defendants.

57.     On information and belief, the class is so numerous that joinder of all members is impractical.

58.     Plaintiff alleges that there are more than 40 members of the class.

59.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  These questions include:

    a.      Whether defendants timely obtain numbers on the National Do Not Call Registry;

    b.      The manner in which defendants places telemarketing calls.

60.     Plaintiff will fairly and adequately protect the interests of the class.  Plaintiff has retained counsel experienced in handling class actions and claims involving  unlawful business practices. Neither plaintiff nor plaintiff's counsel  have any interests adverse to or in conflict with the absent class members.

61.     A class action is a superior method for adjudicating this controversy fairly and

efficiently. The interest of each individual class member in controlling the prosecution of

separate claims is small and individual actions are not economically feasible.

WHEREFORE, plaintiff requests that this Court enter judgment in favor of plaintiff and

the class and against defendants for:

(1)     Statutory damages;

(2)     Injunctive relief;

(3)     Costs;

(4)     Such other and further relief as the Court may deem just and proper.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

11

## **VERIFICATION**

I, David Hoy, declare under penalty of perjury, as provided for by 28 U.S.C. § 1746, that the facts stated in the foregoing complaint are true to the best of my knowledge and belief.

David Hoy

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


<u>s/Daniel A. Edelman</u>
Daniel A. Edelman


Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)